IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil No. 17-cv-141-CJP[1] |
| | ) | |
| T.G. WERLICH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM and ORDER

Kenneth Murray, an inmate in the custody of the BOP, filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1).

Petitioner was sentenced as an armed career criminal under 18 U.S.C. § 924(e). Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), he argues that he is entitled to habeas relief because his three prior convictions for violation of Mo. Rev. Stat § 195.211 do not constitute "serious drug offenses" within the meaning of § 924(e).

## Relevant Facts and Procedural History

In March 2007, Murray pleaded guilty to one count of possession of a firearm by a convicted felon in the Western District of Missouri. *United States v. Murray*, Case No. 06-cr-00272-NKL. The docket sheet for that case is attached to Doc. 14 as Exhibit 4.[2] There was no plea agreement. Because he had at least three prior convictions for serious drug offenses, he was sentenced as an armed

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 13.
[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF system.

1

career criminal under 18 U.S.C. § 924(e). He was sentenced to 180 months imprisonment.

The presentence investigation report stated that Murray had three prior convictions for sale of a controlled substance in violation of Missouri law. Doc. 15 (sealed) at p. 9. At sentencing, the district judge determined that those three convictions constituted three separate convictions for serious drug offenses and therefore he qualified as an armed career criminal under § 924(e). See, Transcript of Sentencing Hearing, Doc. 14, Ex. 2.

On direct appeal, Murray argued that his three prior convictions should have been considered as a single prior conviction. The Eighth Circuit affirmed. Doc. 14, Ex. 6. Murray filed a motion under 28 U.S.C. § 2255 invoking *Johnson v. United States*, 132 S. Ct. 2251 (2015), which was dismissed in March 2017. Doc, 14, Ex. 8.

## Applicable Legal Standards

### 1. Availability of § 2241

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals

certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under 28 U.S.C. § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a

miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

**2.    The Armed Career Criminal Act ("ACCA")**

The ACCA, 18 U.S.C. § 924(e), imposes a mandatory minimum sentence of 15 years on a person who violates 18 U.S.C. § 922(g) and who has three prior convictions for a violent felony or a serious drug offense.

A violent felony is a crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary, arson, or extortion, [or] involves use of explosives." § 924(e)(2)(B).[3]

A serious drug offense is defined as follows:

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

§ 924(e)(2)(A). Because petitioner's prior convictions were for violation of state law, subsection (ii) of the definition of a serious drug offense applies here.

## Analysis

It is doubtful whether Murray meets the requirements for bringing his claim in a § 2241 petition.

---

[3] The "residual clause" of the ACCA was declared unconstitutional in *Johnson v. US*, 135 S.Ct. 2551 (2015). *Johnson* did not affect the validity of the two clauses quoted above.

The first of the *Davenport* requirements is reliance on a new statutory interpretation case. Petitioner cites *Mathis*, but his argument does not arise out of anything in that decision, and he therefore does not actually rely on *Mathis*.

*Mathis* concerns the method a court should use to determine whether a defendant's prior conviction qualifies as one of the so-called enumerated crimes, meaning the crimes (burglary, arson, or extortion) that are named as violent felonies in § 924(e)(2)(B). This requires the court to determine whether the elements of the prior conviction match up with the elements of the generic version of the enumerated crime. *Mathis*, 136 S. Ct. at 2248.

This case involves the definition of a serious drug offense, and not the definition of a violent felony. The definition of serious drug offense is structured differently in that it does not include a list of enumerated crimes that constitute serious drug offenses. Therefore, it is difficult to see how *Mathis* could apply here, since there is no generic crime for the court to compare to petitioner's prior convictions.

The Seventh Circuit has not explicitly considered whether or how *Mathis* applies to determining whether a prior conviction qualifies as a serious drug offense. It is not necessary for this Court to answer that question because, even if *Mathis* applies, petitioner's claim fails on the merits.

Petitioner's predicate convictions were for violating Mo. Rev. Stat § 195.211(1).[4] That statute provided:

---

[4] As part of a revision of Missouri's criminal code, this section was amended and renumbered as § 579.055, effective January 1, 2017. 2014 Mo. Legis. Serv. S.B. 491 (VERNON'S) (West's No. 9).

Except as authorized by sections 195.005 to 195.425 and except as provided in section 195.222, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

Some of the terms used in § 195.211(1) were defined in §195.010. As is relevant here, deliver was defined as "the actual, constructive, or attempted transfer from one person to another of drug paraphernalia or of a controlled substance, or an imitation controlled substance, whether or not there is an agency relationship, and includes a sale." § 195.010(8). Sale "includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." § 195.010(38).

Petitioner's argument is that the Missouri statute is broader than the ACCA definition because the Missouri statute criminalizes delivery, and provides that "deliver" includes "sale," but the ACCA definition of serious drug offense does not use the words deliver or sale. His argument is a mechanical one, focusing on the absence of the words deliver and sale from § 924(e)(2)(A)(ii) without considering the meaning of the language of either the Missouri statute or of the ACCA provision. He makes no attempt to explain why the absence of the words deliver or sale from the ACCA means that § 195.211(1) is broader than a serious drug offense within the meaning of the ACCA ("an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance").

§ 924(e)(2)(A)(ii) refers to distributing. The Missouri statute refers to both

6

distribute and deliver. The Eighth Circuit has rejected an argument that distribute means something different than deliver, noting that Mo. Rev. Stat. § 195.010(12) defines distribute as "to deliver other than by administering or dispensing a controlled substance." In other words, distribute and deliver in the Missouri statute are redundant, and violation of the Missouri statute is a serious drug offense within the meaning of the ACCA. *United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005). Nothing in *Mathis* calls into question the validity of the holding in *Brown*.

Sale as defined in § 195.010(38) is not any broader than distribution either, as construed by Missouri law. Sale "includes barter, exchange, or gift, or offer therefor," each of which involves distribution. Notably, the Missouri controlled substances statute does *not* criminalize a mere offer without intent to sell. *United States v. Thomas*, 886 F.3d 1274, 1277 (8th Cir. 2018), citing *State v. Sammons*, 93 S.W.3d 808, 811 (Mo. Ct. App. 2002). Therefore, the reasoning of cases such as *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), does not apply here.

The obvious intent of § 924(e)(2)(A)(ii) is to exclude state laws that criminalize simple possession. The Missouri statue at issue does not criminalize simple possession. This Court concludes that Mo. Rev. Stat § 195.211(1) fits squarely within the ACCA description of a serious drug offense, i.e., a state law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." Because Murray had three prior

7

convictions for violation of that statute, he was properly sentenced as an Armed Career Criminal.

## Conclusion

Kenneth Murray's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 (Doc. 1) is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: May 17, 2018**.

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).