IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNETH MURRAY, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Civil No. 17-cv-141-CJP[1] |
| T. G. WERLICH, | ) |
| Respondent. | ) |

### MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on petitioner's Motion for Reconsideration Federal Rules Civil Procedure 59(e). **(Doc. 22).**

Petitioner's motion was filed within 28 days of the entry of judgment. Therefore, the motion will be considered under Fed. R. Civ. 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014).

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

Petitioner was sentenced as an armed career criminal under 18 U.S.C. § 924(e). Petitioner had three prior convictions for sale of a controlled substance in violation of Mo. Rev. Stat § 195.211. Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), he argued that he is entitled to habeas relief because his three prior

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 13.

1

convictions do not constitute "serious drug offenses" within the meaning of § 924(e). Specifically, he argues that the Missouri statute is broader than the ACCA definition because the Missouri statute criminalizes delivery, and provides that "deliver" includes "sale," but the ACCA definition of serious drug offense does not use the words deliver or sale.

This Court explained why Murray was not entitled to habeas relief as follows:

> § 924(e)(2)(A)(ii) refers to distributing. The Missouri statute refers to both distribute and deliver. The Eighth Circuit has rejected an argument that distribute means something different than deliver, noting that Mo. Rev. Stat. § 195.010(12) defines distribute as "to deliver other than by administering or dispensing a controlled substance." In other words, distribute and deliver in the Missouri statute are redundant, and violation of the Missouri statute is a serious drug offense within the meaning of the ACCA. *United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005). Nothing in *Mathis* calls into question the validity of the holding in *Brown*.
>
> Sale as defined in § 195.010(38) is not any broader than distribution either, as construed by Missouri law. Sale "includes barter, exchange, or gift, or offer therefor," each of which involves distribution. Notably, the Missouri controlled substances statute does *not* criminalize a mere offer without intent to sell. *United States v. Thomas*, 886 F.3d 1274, 1277 (8th Cir. 2018), citing *State v. Sammons*, 93 S.W.3d 808, 811 (Mo. Ct. App. 2002). Therefore, the reasoning of cases such as *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), does not apply here.
>
> The obvious intent of § 924(e)(2)(A)(ii) is to exclude state laws that criminalize simple possession. The Missouri statue at issue does not criminalize simple possession. This Court concludes that Mo. Rev. Stat § 195.211(1) fits squarely within the ACCA description of a serious drug offense, i.e., a state law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." Because Murray had three prior convictions for violation of that statute, he was properly sentenced as an Armed Career Criminal.

Doc. 20, pp. 6-8.

In his Rule 59 motion, petitioner argues that this Court conceded that his argument was correct but denied his petition anyway. See. Doc. 22, pp. 3 & 5. His motion is based on a misunderstanding of the Court's decision.

This Court did not, as petitioner asserts, concede that "'Delivery and sale' is not a Serious Drug Offense." Doc. 22, p. 5. Rather, the Court summarized petitioner's argument. Then, the Court went on to explain why petitioner's argument was incorrect by examining the language of the relevant Missouri statutes.

As the Court explained, the fact that the words "delivery" or "sale" do not appear in § 924(e)(2)(A)(ii) does not mean that petitioner's convictions for sale of a controlled substance are not serious drug offenses within the meaning of the ACCA. Petitioner ignores the Court's explanation and does not engage with the substance of the Court's reasoning. He has not demonstrated that the Court committed a manifest error of law in denying habeas relief.

Petitioner's Motion for Reconsideration Federal Rules Civil Procedure 59(e) **(Doc. 22)** is **DENIED.**

**IT IS SO ORDERED.**

**DATE: February 28, 2019.**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **UNITED STATES MAGISTRATE JUDGE**